# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

DAVID KENT FITCH,

    Defendant(s).

2:04-CR-262 JCM (PAL)

**ORDER**

Presently before the court is pro se prisoner defendant David Fitch's motion to dismiss for lack of jurisdiction. (Doc. # 299). The government filed a response in opposition (doc. # 305), and the defendant filed a reply (doc. # 309).

Also before the court is defendant's motion for appointment of counsel. (Doc. # 300). The government filed a response in opposition (doc. # 306), and the defendant filed a reply (doc. # 308).

Also before the court is defendant's motion for waiver of page limitations. (Doc. # 301).

Finally before the court is defendant's motion for the court to take judicial notice of certain documents in his motion to dismiss for lack of jurisdiction (doc. # 299). (Doc. # 303). The government filed a response (doc. # 307), and no reply has been filed.

**I.    Background**

Fitch was convicted by a jury of nine counts of bank fraud, two counts of fraudulent use of an access device, two counts of attempted fraudulent use of an access device, two counts of laundering monetary instruments, and one count of money laundering. (*See* doc. # 198). The

**James C. Mahan**
**U.S. District Judge**

advisory applicable guideline range was 41-51 months. *See United States v. Fitch*, 659 F.3d 788, 790 (9th Cir. 2011). This court applied a fifteen level enhancement at sentencing because it found by clear and convincing evidence that Fitch had murdered his wife and that her death was the means he used to commit his crimes. (*See* doc. # 224). The court sentenced the defendant to a 262 month term of incarceration.

Fitch appealed and raised multiple challenges to the conviction and sentence. *See Fitch*, 659 F.3d 788. The Ninth Circuit rejected all the challenges and affirmed. *See id.* The Supreme Court denied a petition for a writ of certiorari. *Fitch v. United States*, 133 S.Ct. 175 (2012).

Fitch now raises new challenges to his conviction. The court will address each of his motions in turn.

**II.     Lack of Jurisdiction**

Fitch makes two new arguments for the first time. First he argues that the prosecuting attorneys were not properly appointed, commissioned, or administered the oath of office to represent the United States and thus lacked the authority to institute the criminal case against him. He claims this is a jurisdictional issue that may be raised at any time. Fitch cites Federal Rule of Criminal Procedure 12(b)(3) as the basis for this court's lack of subject matter jurisdiction. Second, Fitch agues that the indictment was insufficient and unconstitutional. Both argument fails because (1) they have been waived and (2) they are meritless.

Fitch argues, based on his understanding from reading documents he obtained under the Freedom of Information Act, that the prosecutors were not properly appointed or commissioned and lacked the authority to institute the criminal case against him. Even if this were true, Fitch has waived these arguments. *See United States v. Kahlon*, 38 F.3d 467, 469 (9t Cir. 1994); Fed.R.Crim.P.12(b)(3). The argument also fails on its merits because even if the appointments of the prosecutors were invalid it did not deprive this court of jurisdiction. *United States v. Suescun*, 237 F.3d 1284, 1288 (11th Cir. 2001) ("[W]e conclude that the appointment did not deprive the district court of jurisdiction to entertain the case and the adjudicate [the defendant] guilty of the charged offenses."). Finally, the evidence provided in Fitch's own motion as well as the exhibits

**James C. Mahan**
**U.S. District Judge**

attached to the government's motion shows that the prosecutors in this case were duly appointed.

Next, Fitch argues that the indictment was insufficient or unconstitutional. When Fitch appealed his conviction, his counsel did not raise the argument that the indictment was insufficient or that the statutes of conviction were unconstitutional. *See Fitch*, 659 F.3d 788-801. Those arguments would have been frivolous, which is probably why counsel did not raise this argument on appeal. Fitch has waived these arguments and to bring them in this court under this rule after his appeal has been exhausted are waived and untimely.

Fitch was convicted of the following: (1) bank fraud, a violation of 18 U.S.C. § 1344; (2) fraudulent use of an access device, a violation of 18 U.S.C. § 1029(a)(2); (3) attempted fraudulent use of an access device, a violation of 18 U.S.C. § 1029(a)(2) and (b)(1); (4) laundering of monetary instruments, a violation of 18 U.S.C. § 1959(a)(1)(B); and (5) money laundering, a violation of 18 U.S.C. § 1957. There is nothing unconstitutional about the statutes for which Fitch was convicted

To the extent that Fitch is attempting to argue that this court's enhancement because it found by clear and convincing evidence that Fitch murdered his wife, the argument is meritless. This court stated on the record at sentencing that it considered the factors set forth in 18 U.S.C. § 3553 and gave due consideration to the guidelines range while recognizing they were advisory under *Booker*. The Ninth Circuit upheld the sentencing enhancement. *See Fitch*, 659 F.3d 788-95.

**II.     Appointment of Counsel**

Fitch seeks the appointment of counsel to represent him on his claims that this court did not have jurisdiction over his trial and the charges against him. However, the Supreme Court has held:

> "We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today. Our cases establish that the right to appoint counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals. We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellant process."

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Fitch's conviction became final when the Supreme Court denied his petition for certiorari. *See Fitch v. United States*, 133 S.Ct. 175. Fitch

1  is not entitled to an attorney as a right and this court can see no grounds for providing Fitch with an
2  attorney because all of his arguments are frivolous.

3  **III.    Waiver of Page Limits**

4  Fitch has sought leave of the court to file motions in excess of the local rules. (Doc. # 301).
5  Local rule 7-4 caps the length of motion at 30 pages "unless otherwise ordered by the Court."
6  Fitch's motion arguing that this court does not have jurisdiction totaled 37 pages, with approximately
7  85 pages of exhibits. The court will deny the motion seeking leave to file excess pages (doc. # 301)
8  as moot.

9  **IV.    Judicial Notice**

10  Fitch asks the court to take judicial notice of certain documents in his motion to dismiss (doc.
11  # 299) that were attached as exhibits. The exhibits include the indictment against Fitch and certain
12  documents he obtained via the Freedom of Information Act. The government does not oppose the
13  motion for establishing certain facts. The government opposes only Fitch's interpretation of those
14  facts. The motion is granted and the court takes judicial notice of the documents contained therein.
15  However, the documents do not support Fitch's arguments that this court did not have jurisdiction
16  over the charges against him.

17  Accordingly,

18  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to
19  dismiss (doc. # 299) be, and the same hereby, is DENIED.

20  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion for
21  appointment of counsel (doc. # 300) be, and the same hereby, is DENIED.

22  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion for
23  leave to file excess pages (doc. # 301) be, and the same hereby, is DENIED as moot.

24  . . .
25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion for
2 this court to take judicial notice (doc. # 303) be, and the same hereby, is GRANTED.  The motion
3 is granted consistent with the government's position that the Freedom of Information Act documents
4 establish certain facts.  However, the court rejects defendant's interpretations of those facts.
5    DATED March 19, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**