# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff(s),<br><br>v.<br><br>DAVID KENT FITCH,<br><br>                    Defendant(s). | 2:04-CR-262 JCM (PAL) |

# ORDER

Presently before the court is *pro se* prisoner David Fitch's motion for recusal of district judge. (Doc. # 314).

Fitch was convicted by a jury of nine counts of bank fraud, two counts of fraudulent use of an access device, two counts of attempted fraudulent use of an access device, two counts of laundering monetary instruments, and one count of money laundering. (*See* doc. # 198). The advisory applicable guideline range was 41-51 months. *See United States v. Fitch*, 659 F.3d 788, 790 (9th Cir. 2011). This court applied a fifteen level enhancement at sentencing because it found by clear and convincing evidence that Fitch had murdered his wife and that her death was the means he used to commit his crimes. (*See* doc. # 224). The court sentenced the defendant to a 262 month term of incarceration.

Fitch appealed and raised multiple challenges to the conviction and sentence. *See Fitch*, 659 F.3d 788 (9th Cir. 2011). The Ninth Circuit rejected all the challenges and affirmed. *See id*. The Supreme Court denied a petition for a writ of certiorari. *Fitch v. United States*, 133 S.Ct. 175 (2012).

**James C. Mahan**
**U.S. District Judge**

Fitch's instant motion seeks the recusal of the presiding judge from the case. As the basis for recusal, Fitch asserts that the district judge is "bias or prejudice against the defendant." Additionally, Fitch asserts that the "judge believes defendant is [sic] cold blooded killer, yet has no proof of such."

Fitch has repeatedly disputed this court's fifteen level enhancement at sentencing. Fitch's assertion that there is no proof that he caused his wife's death is inaccurate and has already been settled by the Ninth Circuit on appeal. Specifically, the Ninth Circuit held the following:

> The district court was confronted with a defendant who had failed to report his wife's disappearance, gave several inconsistent–and, in light of his possession of her passport, implausible–statements as to her whereabouts, and tried to dispose of her clothes and personal effects. He then used her bank account, credit card and health insurance–sometimes through forgery and deception–and eventually married a former girlfriend while still ostensibly married to his missing wife. It was eminently reasonable for the district court to infer that [Fitch's wife] was dead, that Fitch knew she was dead, and that he had brought about her death in order to pillage her assets.
>
> Fitch argues that the district court did not adequately explain why it chose a 15–level upward departure and why it sentenced him to the top of the resulting guidelines range. We disagree. We find the district court's references to the seriousness of Fitch's conduct and resulting harm to [his wife] more than adequate to explain its decision to depart drastically and its ultimate sentence.

*Fitch*, 659 F.3d at 497-98. Fitch's assertion that this court had no factual basis to apply a fifteen level enhancement is simply inaccurate. As explained on the record during the sentencing, the court applied a fifteen level enhancement because defendant brought about his wife's death so that he could pillage her assets, and not because of any bias or prejudice.

. . .

. . .

. . .

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for recusal of district judge (doc. # 314) be, and the same hereby, is DENIED.

DATED July 11, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**