UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DAVID KENT FITCH,<br><br>Defendant(s). | Case No. 2:04-CR-262 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant David Kent Fitch's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. #319). This court ordered the government to respond, which it failed to do, and the deadline for response has passed.

Also before the court is Fitch's motion to proceed *in forma pauperis*. (Doc. # 339).

Finally before this court is Fitch's motion for court documents at government's expense. (Doc. # 340).

**I.    Background**

This case stems from a 2007 criminal conviction. A jury convicted David Kent Fitch ("Fitch") of two counts of unauthorized use of an access device, nine counts of bank fraud, two counts of attempted unauthorized use of an access device, two counts of laundering money instruments, and one count of money laundering. (*See* doc. # 203). The applicable sentencing guidelines range was 41-51 months. The court found by clear and convincing evidence that Fitch had murdered his wife, and that her death was the means that he used to commit his crimes. Relying on those findings, this court sentenced Fitch to 262 months in custody on October 19, 2007.[1] This court entered judgment of the conviction on December 6, 2007. (Doc. # 230).

---

[1] This court reasoned that "causing death to effectuate the fraud scheme is sufficiently outside the heartland of the fraud, forgery, and false statement offenses to warrant a departure

**James C. Mahan**
**U.S. District Judge**

1  Fitch appealed the court's judgment, through his attorneys Beau Sterling, Esq. and Mario
2  Valencia, Esq. to the Ninth Circuit. (Doc. # 233). The Ninth Circuit affirmed this court's
3  decision. Fitch then filed a petition for certiorari to the Supreme Court of the United States. The
4  Supreme Court denied Fitch's petition.

5  Fitch has now filed *pro se* motions to vacate (doc. # 319), to proceed *in forma pauperis*
6  (doc. # 339), and for court documents at government's expense (doc. # 340), despite still being
7  represented by attorneys Beau Sterling and Mario Valencia. D. Nev. R. IA 10-6(a) states, "[a]
8  party who has appeared by attorney cannot while so represented appear or act in the case. An
9  attorney who has appeared for a party shall be recognized by the Court and all parties as having
10 control of the client's case."

11 Mr. Sterling and Mr. Valencia are listed as Fitch's counsel of record. Therefore, Fitch
12 may not file motions on his own behalf. See D. Nev. R. IA 10-6(a). Fitch has appeared by
13 attorney, and continues to be represented by an attorney. Therefore, any motions Fitch asks this
14 court to consider must be filed by his attorney(s) of record.

15 Accordingly,

16 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that David Kent Fitch's *pro*
17 *se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (doc. #319) is hereby
18 DENIED without prejudice.

19 IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed *in forma*
20 *pauperis* (doc. #339) is DENIED without prejudice.

21 . . .
22 . . .
23 . . .
24 . . .
25 . . .

26 from the sentencing guidelines." Citing § 5K2.1 of the guidelines, the court considered "the
27 dangerousness of the defendant's conduct, the extent to which death or serious injury was intended or knowingly risked [and] the extent to which the offense level for the offense of the conviction already reflects the risk of personal injury." Finding that defendant's wife's death
28 was intended and noting that first degree murder is a very serious offense, the court opted to impose a fifteen level upward departure, bringing defendant's offense level to thirty-five.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    IT IS FURTHER ORDERED that plaintiff's motion for court documents at government's
2 expense (doc. #340) is DENIED without prejudice.
3    DATED September 30, 2014.

_____
UNITED STATES DISTRICT JUDGE