UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:04-CR-262 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| DAVID KENT FITCH, | |
| Defendant(s). | |

Presently before the court is the matter of the United States of America v. David Kent Fitch, case no. 2:04-cr-00262 JCM (PAL).

On March 2, 2016, the United States Court of Appeals for the Ninth Circuit issued an order in this case. (Doc. # 353). The Ninth Circuit's order remands the case to this court for the limited purpose of granting or denying a certificate of appealability. (*Id.*) Also before the court is defendant David Kent Fitch's motion for a certificate of appealability. (Doc. # 352). The United States has not filed a response.

The court previously denied defendant Fitch's motion to vacate under 28 U.S.C. § 2255 on procedural grounds. Defendant, proceeding *pro se*, filed his § 2255 motion while he was still represented by an attorney of record in the case. District of Nevada Local Rule IA 10-6(a) states, "[a] party who has appeared by attorney cannot while so represented appear or act in the case. An attorney who has appeared for a party shall be recognized by the Court and all parties as having control of the client's case." D. Nev. R. IA 10-6(a). Accordingly, the court denied defendant's motion *without prejudice to refiling* and instructed him that "any motions [he] asks this court to consider must be filed by his attorney of record." (Doc. # 342). After his attorney withdrew (doc. # 345), defendant did not refile the motions. Instead, he filed the notice of appeal at issue here. (Doc. # 347).

Because the motion was denied without prejudice on procedural grounds, the order denying the § 2255 petition is silent on the issue of a certificate of appealability. (*See* doc. # 342). Before

**James C. Mahan**
**U.S. District Judge**

1  the movant can appeal the denial of a § 2255 motion, however, a certificate of appealability must
2  issue. *See* 28 U.S.C. § 2253. Further, a certificate of appealability may issue "only if the [movant]
3  has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

4  When the district court denies a § 2255 motion or habeas petition on procedural grounds
5  without reaching the underlying constitutional claims, the movant or petitioner must show, in order
6  to obtain a certificate of appealability: (1) that jurists of reason would find it debatable whether the
7  petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would
8  find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*,
9  529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be
10 made, "a court may find that it can dispose of the application in a fair and prompt manner if it
11 proceeds first to resolve the issue whose answer is more apparent from the record and arguments."
12 *Slack*, 529 U.S. at 485. Where a plain procedural bar is properly invoked, an appeal is not
   warranted. *Slack*, 529 U.S. at 484.

13 In the present case, jurists of reason would not find it debatable whether the district court
14 was correct in its denial of the motion on procedural grounds. A party represented by an attorney
15 may not move the court. *See* LR IA 10-6(a). It is not debatable that Mario Valencia was defendant's
16 attorney of record at the time defendant filed the § 2255 motion *pro se*. (*See* doc. # 345). The
17 record indicates that Mr. Valencia did not withdraw as the attorney of record until October 9, 2014.
18 (Doc. # 345). Defendant's motion was filed on September 25, 2013. (Doc. # 319). Because the
19 ruling was on procedural grounds, the court denied the motion without prejudice, so that Mr. Fitch
20 could either file the motion properly through his counsel of record or refile the motion *pro se* after
   his attorney withdrew.

21 Because the court finds that defendant has not shown that reasonable jurists would not find
22 it debatable whether the court was correct in its denial of the motion on procedural grounds, it will
23 not reach the question of whether "the applicant has made a substantial showing of the denial of a
24 constitutional right." 28 U.S.C. § 2253(c)(2). *See Slack*, 529 U.S. at 484. The court will not issue
   a certificate of appealability.

25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant David Kent Fitch's motion for a certificate of appealability (doc. # 352) be, and the same hereby is, DENIED.

DATED March 4, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**