UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:04-CR-262 JCM (PAL) |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DAVID KENT FITCH, | |
| Defendant. | |

Presently before the court is petitioner David Kent Fitch's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 358). The government filed a response (ECF No. 368), to which petitioner replied (ECF No. 370).

Also before the court is petitioner's first "letter requesting clarification of status of [petitioner's prior counsel]." (ECF No. 359).

Also before the court is petitioner's first motion to expedite. (ECF No. 360).

Also before the court is petitioner's second "letter . . . requesting clarification regarding the status of [petitioner's prior counsel]." (ECF No. 364).

Also before the court is petitioner's second motion to expedite. (ECF No. 366).

Also before the court is petitioner's motion for a hearing regarding his § 2255 motion. (ECF No. 369). The government filed a response (ECF No. 371), to which petitioner replied, (ECF No. 375).

Also before the court is petitioner's motion to extend time regarding his motion for a hearing. (ECF No. 372).

Also before the court is petitioner's motion for release on bail. (ECF No. 377). The government filed a response, (ECF No. 379), to which petitioner replied, (ECF No. 380).

Also before the court is petitioner's motion for appointment of counsel. (ECF No. 381). The government filed a response, (ECF No. 384), to which petitioner replied, (ECF No. 386).

**I.      Facts**

In June of 2004, the government indicted petitioner in the underlying criminal case on nine counts of bank fraud, two counts of fraudulent use of an access device, and two counts of attempted fraudulent use of an access device.[1] Two superseding indictments were filed against petitioner, adding two counts of laundering monetary instruments and one count of money laundering.

On March 5, 2007, petitioner's counsel advised him of a plea offer submitted by the government. (ECF No. 319). Counsel followed up with a detailed letter explaining the plea offer. (ECF No. 368-1). In her letter to petitioner, counsel stated:

> (1) The current plea offer is a reasonable resolution to this case and puts you in a favorable position with regard to this case. (2) The problem with accepting the current offer or any version thereof is that you'd be providing an admission to an element of a first degree murder charge and possibly a death penalty prosecution. (3) Going to trial in the federal case could yield a substantially worse result, or, your motion to dismiss could be granted. (4) The State has not brought a murder case against you in the past seven years, they may not ever do it, but yes, they could and they could do it at any time.

Defendant "elected to go to trial rather than [accept] the plea offer" because he believed "the state was going to charge him with murder" and "the court could not sentence him above the top of the guidelines." (ECF No. 319). On June 21, 2007, petitioner was convicted by a jury of all charged counts. *See* (ECF No. 198).

The adjusted offense level for petitioner's conviction was twenty, which yielded an advisory applicable guideline range of 41 to 51 months. *See United States v. Fitch*, 659 F.3d 788, 790 (9th Cir. 2011). At sentencing, the court found by clear and convincing evidence that petitioner had murdered his wife and that her death was the means he used to commit his crimes. *See* (ECF No. 224). The court made six specific factual findings in this regard:

> [O]ne, Mr. Fitch failed to report his wife's disappearance to the police. If you have a loved one who disappears, I think your first reaction is you report the disappearance to the police. Mr. Fitch didn't do that here.

---

[1] For a detailed summary of the factual background of this case, *see United States v. Fitch*, 659 F.3d 788 (9th Cir. 2011).

> Two, he told various stories concerning her whereabouts, that is that she had gone to Vancouver, that she had returned to Romania, and that she had returned to London. So he told different individuals that asked where she was and he would tell them one or the other of those stories, but the evidence was that he told various stories as to where she had gone.
>
> Three, he tried to sell her clothing and personal effects, including her car.
>
> Four, he remarried shortly after her disappearance without first seeking a divorce. He cannot be married to be remarried, and so the first marriage has to be terminated, and I think here it was terminated by the death of Ms. Bozi.
>
> Five, he had possession of her checkbook, her credit cards, and other personal information that she would have on—that any person would have on their person.
>
> And, six, he raided her accounts and credit cards by deception[,] either disguises or forgery[,] and he withdrew the daily limit of $1,000.00 from her ATM—or from her bank's ATM over a period of about two weeks while wearing disguises.

The court applied a fifteen level upward departure, which resulted in an adjusted offense level of 35. Given defendant's criminal history, the sentencing range was 210 to 262 months. The court sentenced petitioner to a 262-month term of incarceration.

Petitioner appealed and raised multiple challenges to the conviction and sentence. *See Fitch*, 659 F.3d 788. The Ninth Circuit rejected all the challenges and affirmed. *See id.* The Supreme Court denied a petition for a writ of certiorari. *Fitch v. United States*, 133 S.Ct. 175 (2012).

On October 25, 2013, petitioner filed a motion to vacate, amend, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 319). On October 30, 2014, this court denied without prejudice petitioner's motion to vacate on the grounds that petitioner was represented by counsel and could not file motions *pro se*. (ECF No. 342). On January 11, 2017, the Ninth Circuit vacated and remanded "for consideration of [petitioner's] pro se 28 U.S.C. § 2255 motion." (ECF No. 357).

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974);

*see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

**III. Discussion**

   *a. Petitioner's motion for appointment of counsel*

The Constitution does not guarantee a right to counsel for prisoners who bring collateral attacks on their sentence. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, federal district courts may order appointment of counsel for indigent defendants pursing relief under § 2255 when the court "determines that the interests of justice so require. 18 U.S.C. § 3006A(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, the court will deny petitioner's motion to appoint counsel to assist with his § 2255 motion. Petitioner's § 2255 motion discusses Supreme Court and Ninth Circuit sentencing precedent in depth, and demonstrates that petitioner can capably "articulate his claims pro se." *Weygandt*, 718 F.2d at 954.

Further, petitioner's request for appointment of counsel comes after his § 2255 motion has been fully briefed. The interests of justice do not favor appointment of counsel in this case. *See* 18 U.S.C. § 3006A(2)(B)

   *b. Petitioner's § 2255 motion*

      *i. Whether any of petitioner's claims are time-barred*

Section 2255 provides for a one year limitation period in which to file a motion to vacate a federal conviction. 28 U.S.C. § 2255(f). Under Habeas Corpus Rule 2(c), petitioners must "specify all [available] grounds for relief and [ ] state the facts supporting each ground." *Mayle*

*v. Felix*, 545 U.S. 644, 661 (2005). Amended claims filed outside the one-year statute of limitations period that do not relate back to "conduct, transaction[s], or occurrence[s]" raised in an initial § 2255 motion are time barred. *Id.* at 661-64.

Here, petitioner argues that "the 'relation back doctrine' is inapplicable when the initial habeas petition was dismissed, because there is no pleading in which to relate back." (ECF No. 370 (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006). Petitioner's argument assumes that this court's denial of petitioner's initial § 2255 motion constituted a final judgment that "dismissed" the motion. However, in this case, the Ninth Circuit "remanded to the district court for consideration of [petitioner's] pro se 28 U.S.C. § 2255 motion." (ECF No. 357). Therefore, the holding in *Rasberry* is inapplicable to this case because petitioner's initial § 2255 motion functions as the operative pleading to which the amended petition relates back. Accordingly, any claim brought in the amended petition that does not relate back to "conduct, transaction[s], or occurrence[s]" raised in petitioner's initial § 2255 motion is time barred. *See Mayle*, 545 U.S. at 661.

### A. Petitioner's second claim for relief

Petitioner's second claim for relief alleges ineffective assistance of counsel for not disclosing a plea offer made on March 5, 2007. (ECF No. 358). However, petitioner's initial petition contains factual allegations that contradict his current petition. *Compare* (ECF No. 319), *with* (ECF No. 358). In petitioner's initial petition, he states that he "was offered a plea bargain on March 5, 2007." (ECF No. 319). Therefore, plaintiff's second claim for relief is time-barred as it was not brought within the applicable statute of limitations. *See Mayle*, 545 U.S. at 661.

### B. Petitioner's third claim for relief

Petitioner's third claim for relief alleges that trial counsel provided ineffective assistance by failing to argue that the district court's factual findings were not supported by clear and convincing evidence. (ECF No. 358). Petitioner did not raise this argument in his initial petition. *See* (ECF No. 319). Therefore, plaintiff's third claim for relief is time-barred as it was not brought within the applicable statute of limitations. *See Mayle*, 545 U.S. at 661.

/ / /

*ii. Petitioner's remaining claims for relief*

Petitioner's remaining claims for relief allege ineffective assistance of counsel. *See* (ECF No. 358).

Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (citing *Padilla* v. *Kentucky*, 130 S.Ct. 1473, 1486 (2010); *Hill, v. Lockhard*, 474 U.S. 52, 57 (2011)). During plea negotiations defendants are "entitled to the effective assistance of competent counsel." *Lafler*, 132 S.Ct. at 1384 (quoting *McMann v. Richardson,* 397 U.S. 759, 771 (1970)).

In *Hill,* the Court held "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill*, 474 U.S., at 58. To prevail on a claim of ineffective assistance of counsel, a defendant must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a challenger must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. When considering this claim, a court must apply a "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2010) (citations omitted). To show prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

*A. Petitioner's first claim for relief*

Petitioner's first claim for relief alleges that trial and appellate counsel provided ineffective assistance by failing to argue that petitioner's sentence violated the Sixth Amendment. (ECF No. 358). Petitioner argues that at sentencing the judge "found [petitioner] guilty of first degree murder," and unconstitutionally sentenced him accordingly. *Id.*

Here, petitioner was convicted of bank fraud, fraudulent use of an access device, attempted fraudulent use of an access device, laundering monetary instruments, and money laundering. The court ultimately sentenced petitioner to 262 months incarceration, less than the statutory maximum for one conviction of bank fraud and well less than the combined statutory

maximum for all convicted crimes.[2]

Petitioner's Sixth Amendment analysis misses the mark. A fundamental premise of petitioner's first claim for relief is that reasonable jurists could disagree as to whether petitioner's sentence violated the Sixth Amendment. The Ninth Circuit opinion affirming petitioner's underlying conviction analyzed applicable Sixth Amendment precedent, and held that the sentence imposed by this court did not violate petitioner's Sixth Amendment rights. *Fitch*, 659 F.3d at 794-95. Trial counsel explained as much to petitioner in a letter written to him prior to sentencing.[3] *See* (ECF No. 368-1 at 159-60). Instead of fighting a Sisyphean battle to fundamentally alter Sixth Amendment precedent, trial and appellate counsel chose to attack petitioner's conviction and sentence on other grounds. *See* (ECF No. 218) (arguing that the federal government should not have pursued a second criminal case based on conduct that formed the basis of petitioner's guilty plea in his first federal criminal case); *see also Fitch*, 659 F.3d 788.

"[D]isagreement with trial counsel's tactical decision[s] cannot form the basis for a claim of ineffective assistance of counsel." *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001). Here, petitioner's argument boils down to a strategic disagreement. Therefore, petitioner's first claim for relief does not set forth a cognizable claim for ineffective assistance of counsel. *See*

---

[2] The maximum statutory sentence for bank fraud at the time was thirty (30) years. 18 U.S.C. § 1344. If the court imposed the maximum statutory sentences for all of petitioner's convicted crimes consecutively, petitioner's sentence would have been 360 years. *See Fitch*, 659 F.3d at 795, n.6.

[3] Counsel's letter reads, in part:

> What I have explained to you numerous times is that Booker and Rita do not stand for the proposition that you want them to stand for: *that a jury must make a finding as to any relevant conduct that can be considered to enhance your sentence.* Those cases do not instruct the district court to disregard relevant conduct not found by a jury or not admitted by you. The dissent in Rita discusses this problem. I provided you the most current case law so that you can attempt to digest the complexity of the issues that pertain to your case. I have never told you that I will not make reference to Booker or to Rita. Unfortunately, those cases do not get you where you want to be.
>
> I will make arguments that preserve your rights on appeal, including your Sixth Amendment right to a jury trial. . . .

*Wildman*, 361 F.3d at 839. Accordingly, petitioner cannot establish deficient performance or prejudice on these facts. *See Strickland*, 466 U.S. at 687.

### B. *Petitioner's fourth claim for relief*

Petitioner's fourth claim for relief alleges that trial counsel provided ineffective assistance by (1) failing to inform petitioner whether the state prosecutor had responded to the AUSA's inquiry regarding the state's intentions on charging petitioner with murder; (2) erroneously advising petitioner to go to trial; and (3) failing to tell petitioner that if he refused the plea offer the government would request a sentencing enhancement. (ECF No. 358).

Petitioner's fourth claim for relief fails because petitioner cannot allege constitutionally deficient performance on behalf of trial counsel. *See Strickland*, 466 U.S. at 687.

First, trial counsel adequately explained the possible criminal charges that the state of Nevada could bring against petitioner and the impact of petitioner's federal case on any state prosecution. Counsel informed plaintiff that the state's case at that point was "circumstantial" and likely difficult to prove. (ECF No. 319-1). Counsel discussed the impact of any factual admissions in the plea agreement and the law regarding inadmissibility of prior convictions when a defendant chooses not to testify at trial. *Id.* Counsel also noted that any plea agreement in petitioner's federal case would not be binding on the state,[4] who could seek the death penalty for a murder charge. *Id.*

Second, petitioner offers no support for his argument that trial counsel advised him that it was in his best interest to go to trial. Further, the argument is directly contradicted by trial counsel's declaration and supporting evidence. (ECF No. 368-1). Counsel's letter to petitioner made clear that it was petitioner's choice whether to accept the plea, and advised him of numerous potential benefits and ramifications of accepting the plea bargain. *See id.* ("Resolving your current case is easy. It is protecting you against other unwanted, possible future consequences that is difficult.").

---

[4] Petitioner's counsel did note that she would attempt to determine whether the state would agree to a global plea agreement, but stated her belief that the probability of obtaining a global plea agreement was quite small. (ECF No. 368-1).

Finally, counsel advised petitioner of the risk associated with proceeding to trial and rejecting the plea agreement. Counsel advised petitioner that if he accepted the plea agreement, the government would not seek a sentence beyond 37 months. *Id.* However, counsel noted that proceeding to trial without a plea agreement exposed petitioner to an "unpredictable" range of possible sentences. *Id.*

Petitioner's fourth claim for relief fails to allege a cognizable claim for ineffective assistance of counsel.

### C. *Petitioner's fifth claim for relief*

Petitioner's fifth claim for relief alleges that trial and appellate counsel provided ineffective assistance by erroneously relying on the 1998 United States sentencing guidelines instead of the 2006 sentencing guidelines. (ECF No. 358).

District courts are required to apply the guidelines in effect at the time of sentencing unless doing so would violate the *ex post facto* clause. U.S.S.G. § 1B1.11(a), (b)(1); 18 U.S.C. § 3553(a)(4)(A)(ii). All sentencing proceedings are to begin by determining the applicable guidelines range, which must be calculated correctly. *See Gall v. United States*, 552 U.S. 38, 49 (2007) (citing *Rita v. United States*, 551 U.S. 338, 347-48 (2007)).

Here, petitioner's cumulative offense level after grouping would have been 20 regardless of which guidelines the court applied. *See* (ECF No. 222 at 8); PSR. In order to avoid an *ex post facto* issue regarding the 1999 guidelines amendments (which imposed greater and additional enhancements related to access device and bank fraud crimes), the court used the 1998 guidelines. In his declaration, appellate counsel admits that "the 1998 version of the Guidelines was the correct version to use in order to avoid any *ex post facto* issues." (ECF No. 368-2). Counsel was not deficient for failing to raise a legally unsound argument that would have exposed petitioner to a higher adjusted offense level. *See Wildman*, 261 F.3d at 840 (holding that failure to raise an unmeritorious argument cannot constitute ineffective assistance of counsel).

/ / /

/ / /

###### iii. Summary

Petitioner's motion fails to demonstrate that either trial or appellate counsel provided ineffective assistance. Petitioner raises two new arguments in his amended petition that do not relate back to his original petition, and are therefore time-barred. Petitioner's timely-filed arguments rely on distortions of fact regarding the assistance provided by counsel in this case and on petitioner's incorrect readings of Sixth Amendment and sentencing guideline jurisprudence. The court will deny petitioner's motion to vacate, set aside, or amend his sentence.

### c. Petitioner's motion for an evidentiary hearing

Petitioner filed a motion for an evidentiary hearing regarding his motion to vacate. Where a § 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). The Ninth Circuit has recognized that where the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record, no evidentiary hearing is required. *United States v. Espinoza,* 866 F.2d 1067, 1069 (9th Cir. 1989) (quotations omitted).

The court denies the request for an evidentiary hearing because, as discussed above, the record before the court "conclusively shows" that petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Farrow v. United States,* 580 F.2d 1339, 1360–61 (9th Cir. 1978) (en banc).

### d. Petitioner's other outstanding motions

As the court has denied petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, petitioner's motion for appointment of counsel, and petitioner's motion for an evidentiary hearing, petitioner's other outstanding motions in this case are moot.

/ / /

/ / /

/ / /

*e. Certificate of appealability*

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court holds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

/ / /

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 358) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's first "letter requesting clarification of status of [petitioner's prior counsel]" (ECF No. 359) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that petitioner's first motion to expedite review (ECF No. 360) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that petitioner's second "letter. . . requesting clarification regarding the status of [petitioner's prior counsel]" (ECF No. 364) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that petitioner's second motion to expedite review (ECF No. 366) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that petitioner's motion for an evidentiary hearing (ECF No. 369) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion to extend time to file a reply in support of his motion for an evidentiary hearing (ECF No. 372) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that petitioner's motion for release on bail (ECF No. 377) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No. 381) be, and the same hereby is, DENIED.

DATED THIS 23rd day of April, 2018.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE