# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:04-CR-262 JCM (PAL) |
| Plaintiff, | ORDER |
| v. | |
| DAVID KENT FITCH, | |
| Defendant. | |

Presently before the court is defendant David Kent Fitch's emergency motion for compassionate release. (ECF Nos. 398). The United States of America ("the government") filed a response, (ECF No. 400), to which defendant replied, (ECF No. 404). Defendant supplemented his reply. (ECF No. 405).

Also before the court are the government's motion to seal, (ECF No. 401), and the defendant's motion to seal, (ECF No. 403).

**I.     Background**

Defendant has been incarcerated since 2000 for fraud-related crimes where defendant used his wife's death as a means to carry out those crimes. (ECF No. 398). Defendant was sentenced to 262 months imprisonment which the Bureau of Prisons ("BOP") determined would run consecutive to his initial 97-month sentence. (*Id.*).

While defendant has been incarcerated, the novel strain of coronavirus and COVID-19, the resultant respiratory disease, have run rampant throughout the country and the world. While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus. *See* Center for Disease

Control, *People Who Need to Take Extra Precautions,* (June 25, 2020).[1]  The CDC has provided that "severe illness from COVID-19" means "hospitalization, admission to the ICU, intubation or mechanical ventilation, or death."  *See* Center for Disease Control, *Evidence used to update the list of underlying medical conditions that increase a person's risk of severe illness from COVID-19,* (June 25, 2020).[2]

The CDC admits that its list of at-risk persons "is a living document that will be periodically updated by CDC, and it could rapidly change as the science evolves," and new studies on COVID-19 vis-à-vis comorbidities continue to be promulgated.  *Id.* (emphasis in original); *see also*, *e.g.*, Xianxian Zhao, et al., *Incidence, clinical characteristics and prognostic factor of patients with COVID-19: a systematic review and meta-analysis* (March 20, 2020);[3] Safiya Richardson, et al., *Presenting Characteristics, Comorbidities, and Outcomes Among 5700 Patients Hospitalized With COVID-19 in the New York City Area* (April 22, 2020).[4]

Defendant requests that this court modify his sentence to time served or, in the alternative, modify his judgment to allow him to serve under home confinement due to his advanced age, alleged co-morbidities, and satisfaction of other requirements as set forth in the First Step Act. (ECF No. 398).

**II.     Legal Standard**

"Even though courts ordinarily have the inherent authority to reconsider its [their] prior orders, such authority does not exist when there is an 'express rule to the contrary.'"  *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999).  One such contrary rule is relevant here: "A court generally may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)).  Instead,

---

[1] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html.

[2] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html.

[3] Available at https://www.medrxiv.org/content/10.1101/2020.03.17.20037572v1.full.pdf.

[4] Available at https://jamanetwork.com/journals/jama/fullarticle/2765184.

1   the court may modify a sentence only when expressly authorized by statute.

2   The court is expressly authorized to modify a sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).  18 U.S.C. § 3582(c)(1)(A).  However, courts may consider compassionate release only "upon motion of the Director of the Bureau of Prisons." *Id.*  If a defendant wants to file such a motion with the court, he must fully exhaust his administrative remedies before doing so.  *Id.*  Since the enactment of the First Step Act, a defendant may file a compassionate-release motion if his application to the BOP goes unanswered for thirty days.  *Id.*

To be eligible for compassionate release, a defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under USSG § 1B1.13, "extraordinary and compelling reasons" include, amongst other things, terminal illnesses and medical conditions "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.

**III.   Discussion**

As an initial matter, this court grants the government's motion to seal, (ECF No. 401), and defendant's motion to seal, (ECF No. 403). The exhibits that the parties seek to file under seal contain personal information related to the defendant, including sensitive medical information.

Defendant has satisfied the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). Defendant emailed his request for release due to his age and COVID-19 to the warden of FCI Greenville on April 3, 2020.  (ECF No. 404).  He received no reply for well over thirty days.  (*Id.*).

Defendant contends that his advanced age (61) and comorbidities—kidney disease and past failure, heart disease, and hypertension—make him particularly susceptible to COVID-19, and thus warrants immediate release from custody.  (ECF Nos. 398 & 404).  This court agrees.

The court acknowledges the significant public policy implications of freely granting home confinement to any inmate who expresses a fear of contracting COVID-19.  Such a position is untenable because every inmate rightfully fears contracting COVID-19—as do all Americans.  However, the court also acknowledges that the fear of COVID-19 in the penological context is

1  justifiably acute. This requires the court to, as best it can, strike a delicate balance. Indeed, this
2  very balance is why the BOP is ordinarily given the first opportunity to review an inmate's request
3  for compassionate release.
4      This court finds that defendant's advanced age and demonstrated comorbidities place him
5  at an increased risk of severe illness from COVID-19, constituting an "extraordinary and
6  compelling reason" to grant defendant's motion. (ECF No. 398). All of defendant's conditions—
7  kidney disease, heart disease, and hypertension—are identified by the CDC as risk factors for
8  severe illness from COVID-19. *See* Center for Disease Control, *Evidence used to update the list*
9  *of underlying medical conditions that increase a person's risk of severe illness from COVID-19*,
10 (June 25, 2020).[5] Coupled with defendant's age and lack of mobility, the prison is unfit to
11 appropriately address the unique dangers that defendant faces from the ongoing pandemic. (ECF
12 Nos. 398 & 404).
13     Other relevant factors under 18 U.S.C. §3553(a) also militate in defendant's favor.
14 Defendant's sister has offered a suitable home, with a personal bedroom and bathroom, for his
15 rehabilitation, reentry, and supervised released. (*Id.*). Defendant has served 20 years in prison.
16 (*Id.*). Weighed against the far-diminished danger that defendant poses against the community,
17 considering his crimes, the foregoing factors demonstrate that release is warranted.
18     Consequently, the court finds that extraordinary and compelling reasons justify defendant's
19 release. Defendant's motion is granted.
20 **IV.   Conclusion**
21     Accordingly,
22     IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for
23 compassionate release (ECF No. 398) be, and the same hereby is, GRANTED.
24     IT IS FURTHER ORDERED that the government's motion to seal (ECF No. 401) be, and
25 the same hereby is, GRANTED.
26     IT IS FURTHER ORDERED that the defendant's motion to seal (ECF No. 403) be, and

---

[5] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html.

1  the same hereby is, GRANTED.

2  IT IS FURTHER ORDERED that defendant's sentence of imprisonment be, and the same
3  hereby is, MODIFIED to CREDIT FOR TIME SERVED.

4  IT IS FURTHER ORDERED that defendant shall be quarantined for a 14-day period prior
5  to being released, consisted with BOP policy.  Defendant shall be released from custody within 48
6  hours after the expiration of his 14-day quarantine.

7  IT IS FURTHER ORDERED that defendant's counsel shall, within 7 days of this order,
8  contact the BOP to arrange transportation.

9  IT IS FURTHER ORDERED that defendant shall serve the remaining portion of the
10 original term of imprisonment (as calculated by the BOP) as supervised release with the special
11 condition that he shall be subject to home incarceration without the requirement of electronic
12 monitoring for the time being.

13 IT IS FURTHER ORDERED that defendant shall not be required to report to the U.S.
14 Probation Office in person.  However, within 72 hours of his release, defendant shall contact the
15 U.S. Probation Office by telephone to check in.

16 IT IS FURTHER ORDERED that defendant shall be restricted to his residence at all times
17 (home incarceration) except for medical necessities and or other activities specifically approved
18 by U.S. Probation or this court.

19 IT IS FURTHER ORDERED that defendant shall serve supervised release as originally
20 imposed.

21 IT IS FURTHER ORDERED that, in light of the COVID-19 pandemic, current standard
22 condition originally imposed mandating that defendant work at least 30 hours per week at a lawful
23 type of employment and participate in community service is temporarily suspended.

24 IT IS FURTHER ORDERED that all other conditions of supervision originally imposed
25 shall remain in effect.

26 DATED July 2, 2020

27
28 _____
UNITED STATES DISTRICT JUDGE