1

2

3

4               UNITED STATES DISTRICT COURT

5                    DISTRICT OF NEVADA

6                          * * *

7

8     UNITED STATES OF AMERICA              Case No. 2:04-CR-262 JCM (PAL)

                              Plaintiff,             ORDER
9

10              v.

11    DAVID KENT FITCH,

12                            Defendant.

13

14          Presently before the court is defendant David Kent Fitch's motion to eliminate fine and

15    fees.  (ECF Nos. 409).  The government responded, (ECF No. 411), to which defendant filed no

16    reply.  The time to do so has now passed.

17          On July 20, 2020, this court granted defendant's motion for compassionate release

18    considering the COVID-19 pandemic, defendant's advanced age, co-morbidities, and satisfaction

19    of other requirements as set forth in the First Step Act.  (ECF No. 407).  Defendant represented

20    that he would serve his term of home confinement at his sister's home.  (ECF No. 398).  Defendant

21    was released from BOP custody on July 15, 2020.  (ECF No. 411).

22          Defendant now moves to "to grant the elimination of the court fines and fees imposed on

23    him" because he is an "individual[] whose sole income is SSI benefits."  (ECF No. 409).[1]  As it

24    stands, "the balance of Mr. Fitch's mandatory penalty assessments is $1,073.80, while the fine

25    _____

26          [1] Defendant's alleged homelessness is indeed concerning as he was released to home
      confinement with his sister.  It is understandable that defendant's situation may have changed, but
27    this court expects that any such changes are appropriately reported.  In case further action is taken
      by the government regarding a possible violation of his required home confinement, this court
28    reiterates its formal finding that prison is unsuitable for defendant in light of the COVID-19
      pandemic.  (ECF No. 409).

1    amount remains $75,000, plus the accrual of interest on the unpaid fine balance."  (ECF No. 411).

2    The United States is permitted to collect unpaid fines for a period of "twenty years after the release

3    of imprisonment." 18 U.S.C. § 3613(b).

4        The court sympathizes with defendant's situation, but it appears that its hands are tied in

5    granting the requested relief.  (ECF No. 411).  Pursuant to 18 U.S.C. § 3573, this court may grant

6    defendant's requested relief "[u]pon petition of the Government showing that reasonable efforts

7    to collect a fine or assessment are not likely to be effective."  18 U.S.C. § 3573.  "Absent a petition

8    by the government, the court lacks jurisdiction to remit a fine imposed as part of a criminal

9    sentence."  *United States v. Hudson*, No. 2:98-cr-00035-HDM-RJJ, 2012 U.S. Dist. LEXIS 69035,

10   at *1 (D. Nev. May 17, 2012).

11       Defendant's remaining arguments, that his social security benefits may not be used to

12   satisfy debts to the government, are unpersuasive.   "Notwithstanding any other Federal law

13   (including section 207 of the Social Security Act [i.e., 42 USCS § 407]), a judgment imposing a

14   fine may be enforced against all property or rights to property of the person fined."  18 U.S.C. §

15   3613.  The plain text of the law and Ninth Circuit case law "make clear that, in the event of a

16   conflict where the SSA's anti-alienation provision would otherwise protect a defendant's Social

17   Security benefits from collection, Section 3613(a) empowers the government to garnish those

18   benefits."  *United States v. Swenson*, 971 F.3d 977, 983 (9th Cir. 2020); *see also United States v.*

19   *Novak*, 476 F.3d 1041, 1048 (9th Cir. 2007) ("[T]he 'notwithstanding' clause 'includes' the one

20   federal antialienation provision that demands explicit statutory override, Congress manifested that

21   § 3613(a) means what it says – that it reaches 'all property or rights to property' not excepted …

22   including property otherwise covered by federally mandated anti-alienation provisions.").

23       Accordingly,

24       IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to

25   eliminate fees (ECF No. 409 be, and the same hereby is, DENIED.

26       DATED December 9, 2020.

27

28

_____
UNITED STATES DISTRICT JUDGE